■ In the Matter of the Estate of BENJAMIN FRIEMAN, Deceased. DAVID NADEL, as Administrator C.T.A., Respondent; DENTAL DEVELOPMENT AND MFG. CORP. et al., Appellants, et al., Respondents.—In a proceeding seeking the advice and direction of the Surrogate as to the validity of a certain shareholders agreement executed by the decedent, the appeal is from an order of the Surrogate's Court, Kings County, dated December 3, 1975, which (1) denied petitioner's motion to vacate appellants' demand for a bill of particulars to the extent of vacating Items Nos. 1, 2, 3, 4, 5 and 7, without prejudice to renewal upon the completion of the parties' examinations before trial, (2) modified Item No. 6 of the demand and directed petitioner to serve a bill of particulars with respect to said item, (3) denied appellants' cross motion for a protective order and (4) ordered the examinations before trial to proceed. Order modified, by striking from the first decretal paragraph thereof the words which follow the word "denied". As so modified, order affirmed, without costs or disbursements. Petitioner's time to serve a bill of particulars is extended to 20 days after entry of the order to be made hereon. Since the entry of the order under review, appellants have completed their examination before trial of petitioner. It appears that substantially all of the items requested in the demand for a bill of particulars were tendered to appellants during that examination. Nevertheless, it cannot be said that the examination has obviated appellants' right to a bill of particulars. Essential differences exist between the functions served by a bill of particulars and those served by an examination before trial, not the least of which is the fact that a bill of particulars limits the evidence which may be introduced at the trial and the theory of recovery (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.22). In order to aid in the expeditious resolution of this controversy, petitioner should now serve a full bill of particulars as to the remaining items of the demand not previously furnished in the limited bill which has already been served. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.